UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 3:11-CR-69 |
| v. | ) | |
| | ) | JUDGE PHILLIPS |
| BRANDON SCOTT HARRIS | ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, BRANDON SCOTT HARRIS, and the defendant's attorney, Russell T. Greene, have agreed upon the following:

1. The defendant will plead guilty to Count Six in the First Superseding Indictment, which charges that the defendant, aided and abetted by another, did knowingly, intentionally, and without authority possess with intent to distribute five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

The punishment for this offense is as follows: (1) a term of imprisonment of at least five (5) years and up forty (40) years; (2) a fine of up to $5 million; (3) a term of supervised release of at least four (4) years; (4) criminal forfeiture; and (5) a mandatory $100 special assessment.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty

because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt as to Count Six: (1) the defendant possessed with the intent to distribute a controlled substance, (2) the controlled substance possessed by the defendant was five-hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, and (3) the defendant did so knowingly, intentionally, and without authority.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On or about May 20, 2011, the defendant left Chicago, Illinois, in the company of co-defendant Merrell Neal and a person who was acting as a confidential source ("CS") for the FBI. Based on information from the CS, FBI agents knew that Merrell Neal would be transporting a quantity of cocaine to a house controlled by co-defendant Michael Neal in Knoxville, Tennessee. The defendant, Merrell Neal, and the CS traveled through the night in a car owned by Merrell Neal, and arrived at Michael Neal's house at about 5:20 a.m. on May 21, 2011. FBI agents were staged near the house in anticipation of their arrival and, within minutes, executed a federal search warrant for the house and Merrell Neal's car. Inside the house, agents recovered a duffle bag containing approximately three kilograms of cocaine and approximately 75 grams of heroin. Those drugs were directly possessed by Merrell Neal, and Merrell Neal is the person who obtained those drugs in Chicago for redistribution in Knoxville according to a pre-existing

2

conspiracy between Merrell Neal, Michael Neal, and others. The defendant did not participate in that pre-existing conspiracy. However, the defendant was aware of Merrell Neal's purpose behind the trip on May 20, 2011, which was to transport drugs to Tennessee. For sentencing purposes, the defendant and the United States agree that the defendant's relevant conduct will be limited to his constructive possession of three (3) kilograms of cocaine in the Eastern District of Tennessee on or about May 21, 2011.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. The defendant and the United States agree that a sentencing range of 70 to 87 months followed by a four (4) year term of supervised release is the appropriate disposition of this case. The Court may still impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the

Court declines to impose a sentence within this guideline range, the defendant will have the right to withdraw the defendant's guilty plea(s).

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any

financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel.

In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a)    If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b)    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c)    If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.    (a)    In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the

5

Case 3:11-cr-00069-TWP-CCS   Document 95   Filed 05/22/12   Page 5 of 7   PageID #: 619

offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

    (b)   In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

11.   This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to

withdraw the defendant's guilty plea(s) in this case.

12. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

___5-22-12___  By: _____
Date                    TRACY L. STONE
                       Assistant United States Attorney

___5/21/12___        _____
Date                    BRANDON SCOTT HARRIS
                       Defendant

___5/21/12___        _____
Date                    RUSSELL T. GREENE
                       Attorney for the Defendant

7