UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 3:11-CR-69-PLR |
| ) | |
| BRANDON SCOTT HARRIS ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on the defendant's motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 178, 186]. The government has responded deferring to the court's discretion whether and to what extent to reduce defendant's sentence [R. 180]. The United States Probation Office has provided the court with a memorandum regarding retroactivity of Amendment 782. The defendant is presently scheduled for release on June 17, 2016.

The defendant was convicted of possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Pursuant to his plea agreement, defendant stipulated that he was responsible for three kilograms of cocaine. Accordingly, at sentencing, defendant's base offense level was 28. After a three-level reduction for acceptance of responsibility and with a criminal history category III, his advisory guideline range was 70 - 87 months. The parties had previously agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence between 70

and 87 months imprisonment would be an appropriate sentence. Defendant was sentenced on September 4, 2012, to 70 months imprisonment.

Because the amended guideline range is lower than the original guideline range and because the Rule 11(c)(1)(C) plea agreement linked defendant's sentence to that guideline range, defendant is eligible for a sentence reduction. *See Freeman v. United States,* 131 S. Ct. 2685 (2011); *United States v. Garrett,* 758 F.3d 749, 757 (6th Cir. 2014). Pursuant to Amendment 782, defendant's base offense level is 23, with a criminal history category III, resulting in an amended guideline range of 57 - 71 months. Because defendant remains subject to a 60-month mandatory minimum, his effective amended guideline range is 60 – 71 months. Taking into account the policy statements set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), it is hereby ORDERED that the defendant's motion [R. 178, 186] is GRANTED, and the defendant's sentence is **reduced to 60 months**.

If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "time served" sentence. *See* USSG § 1B1.10(b)(2)(C).

Except as provided above, all provisions of the judgment dated September 4, 2012, shall remain in effect. **The effective date of this order is November 2, 2015.** *See* USSG § 1B1.10(e)(1).

**IT IS SO ORDERED.**

Enter:

*[signature]*
**UNITED STATES DISTRICT JUDGE**